SHIKANY v BLUE CROSS & BLUE SHIELD OF MICHIGAN

Docket No. 70497. Submitted April 4, 1984, at Detroit.—Decided May 14, 1984.

> Sheryl Shikany enrolled in a Blue Cross and Blue Shield of Michigan non-group comprehensive hospital care program. The policy provided that hospital service was not available for a condition existing on the date of membership until at least 180 days had elapsed from the date of enrollment. Less than 180 days after the policy's effective date, Shikany was treated for sudden abdominal pains and underwent surgery for removal of an acute endometrial cyst. Blue Cross refused to pay her hospitalization and medical costs based on the pre-existing condition clause in the policy. Shikany was unable to pay the bills and was subjected to telephone calls and letters from a collection agency. She filed a two-count complaint against Blue Cross in Wayne Circuit Court alleging in count I a breach of contract for Blue Cross's failure to pay under the policy of insurance and seeking damages in the amount of the bills, plus costs and attorney fees, and in count II that Blue Cross acted intentionally and in bad faith, or alternatively, negligently, recklessly and carelessly, in refusing to provide coverage for her surgery and hospitalization expenses. The complaint also alleged that Shikany suffered great fear, anxiety and emotional distress, humiliation and embarrassment as a result of not having the money to pay the bills and by being subjected to calls and letters from the collection agency. The trial court, Michael L. Stacey, J., granted defendant's motion for partial summary judgment, ruling that, as a matter of law, count II failed to state a claim upon which relief could be granted. Plaintiff appeals, raising the issue of whether the case falls within an exception to the general rule that damages for mental or emotional distress are not recoverable for breach of contract. *Held:*
>
> Recovery of damages for mental distress is not allowed in an

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Contracts §§ 441 *et seq.,* 521.

   57 Am Jur 2d, Negligence § 47.

   74 Am Jur 2d, Torts § 23 *et seq.*

action for breach of contract absent evidence that such damages were within the parties' contemplation at the time the contract was made. The contract between plaintiff and defendant provided for the payment of certain medical expenses, a financial arrangement capable of accurate monetary recompense for any breach. The hospitalization insurance contract is unlike the contracts in other breach of contract cases where damages have been granted for emotional or mental distress because the injuries in those cases were not capable of being compensated by reference to monetary compensation alone.

Affirmed.

1. CONTRACTS — BREACH OF CONTRACT — DAMAGES — MENTAL DISTRESS — TORTIOUS CONDUCT.

Damages for mental distress are not available for breach of a commercial contract absent allegation and proof of tortious conduct independent of the breach.

2. CONTRACTS — BREACH OF CONTRACT — DAMAGES.

Only those damages that flow naturally from the breach or those that were reasonably within the contemplation of the parties at the time of contracting are recoverable upon breach of a contract.

*H. Mark Kandel,* for plaintiff.

*Joseph W. Murray,* for defendant.

Before: ALLEN, P.J., and V. J. BRENNAN and R. M. DANIELS,* JJ.

ALLEN, P.J. Plaintiff appeals as of right from the May 27, 1983, order of partial summary judgment granted to defendant on plaintiff's claim for exemplary damages arising out of a breach of an insurance contract. The order provided for removal of the action to district court. The parties have stipulated to a stay of those proceedings pending outcome of this appeal.

Plaintiff enrolled in defendant's non-group comprehensive hospital care program on October 20,

* Circuit judge, sitting on the Court of Appeals by assignment.

1980. The policy prescribed certain waiting periods and provided that hospital service was not available for a condition existing on the date of membership (whether known or unknown) until at least 180 days had elapsed from the date of enrollment. On March 3, 1981, less than 180 days after the policy's effective date, plaintiff was treated for sudden abdominal pains and on March 9, 1981, underwent surgery for removal of an acute endometrial cyst. Plaintiff's hospitalization and medical costs amounted to $7,906.76. Defendant refused to pay based on the pre-existing condition clause in the policy; plaintiff was unable to pay the bills and was subjected to telephone calls and letters from a collection agency.

Plaintiff filed a two count complaint based upon defendant's failure to pay the costs of her hospitalization and medical expenses. Count I alleged a breach of contract for defendant's failure to pay under the policy of insurance and sought damages in the amount of the bills, plus costs and attorney fees. The merits of this claim are not before this Court. Count II alleged that defendant acted intentionally and in bad faith (or alternatively, negligently, recklessly and carelessly) in refusing to provide coverage for plaintiff's surgery and hospitalization expenses. The complaint further alleged:

"14. That defendant knew or should have known that its wrongful refusal to provide coverage would deprive plaintiff of the solicitude and peace of mind of knowing that plaintiff's hospitalization policy would afford plaintiff necessary medical care regardless of plaintiff's ability to pay for such care and would subject plaintiff to the anxiety and distress of having to bear substantial financial burden.

"15. That as a direct and proximate cause of defendant's wrongful acts, plaintiff was constrained to suffer great fear, anxiety and emotional distress of bearing

the substantial cost for her hospitalization and treatment for which plaintiff had, and has, inadequate funds to cover.

"16. That as a direct and proximate cause of defendant's wrongful acts, plaintiff's unpaid hospital and medical expenses were put into collection. Plaintiff was constrained to suffer great anxiety, humiliation and embarrassment of being subjected to numerous letters and phone calls from collection agencies seeking payment for said expenses."

The trial court granted defendant's motion for partial summary judgment, ruling that, as a matter of law, count II failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1). The sole issue on appeal is whether this case falls within an exception to the general rule that damages for mental or emotional distress are not recoverable for breach of contract. *Hadley v Baxendale,* 9 Exch 341; 156 Eng Rep 145 (1854).

In *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 295 NW2d 50 (1980), *reh den* 409 Mich 1116 (1980), the Supreme Court considered the plaintiff's claim for punitive damages arising out of the nonpayment of benefits alleged to be due under a disability income protection insurance policy. Plaintiff alleged that he suffered mental anguish as a result of the insurer's refusal to honor his claim. The Court found that the insurance contract involved was of a commercial nature and, as such, damages for its breach were limited to the monetary value of the contract had the breaching party fully performed its obligations. Absent allegation and proof of tortious conduct independent of the breach, damages for mental distress are not available for breach of a commercial contract. *Kewin,* pp 419-421. This rule follows from application of the *Hadley v Baxendale* principle that only those damages that flow naturally

from the breach or those that were reasonably within the contemplation of the parties at the time of contracting are recoverable upon breach of a contract.

Exceptions to the general rule of nonrecovery for mental distress damages do exist. In *Stewart v Rudner,* 349 Mich 459; 84 NW2d 816 (1957), the plaintiff sought damages for the breach of a contract to perform a Caesarean section which allegedly resulted in the death of the infant. In allowing recovery for mental distress damages, the Court stressed both the personal nature of the agreement and the inevitable mental suffering and pain which would result from its breach. As did the Court in *Kewin,* we find that the medical insurance contract in the present case does not involve "rights we cherish, dignities we respect, emotions recognized by all as both sacred and personal". *Stewart,* p 469. Here, the contractual agreement provided for the payment of money and did not involve such a personal component as did the agreement for the delivery of a child in *Stewart.*

The *Kewin* Court also distinguished the facts of that case from the exception to the general rule of nonrecovery found in *Miholevich v Mid-West Mutual Auto Ins Co,* 261 Mich 495; 246 NW 202 (1933). *Miholevich* involved an insurance contract which involved an agreement by the insurer to satisfy any judgment rendered against its insured. Due to the company's wilful neglect, the plaintiff was placed in jail following rendition of a judgment against him. Damages for mental distress were found to be within the contemplation of the parties at the time of contracting, thus permitting the recovery of mental distress damages for breach of the insurance contract.

Relying on *McCune v Grimaldi Buick-Opel, Inc,* 45 Mich App 472; 206 NW2d 742 (1973), plaintiff argues that a medical insurance contract is a matter of mental concern and solicitude indicative of a personal contract rather than a trade and commerce commercial agreement. *McCune* involved an employment contract which provided that the employer would pay one-half of the employee's health insurance premiums and would submit that payment along with plaintiff's portion of the cost when billed by the insurance company. Grimaldi failed to timely perform and plaintiff's insurance coverage was terminated which resulted in plaintiff's incurring medical and hospital bills and damages for harassment and humiliation. Finding that hospital and medical insurance fell within the *Stewart* definition of a matter of "mental concern and solicitude", the Court upheld plaintiff's claim for mental anguish and humiliation.

We note that the *McCune* case was decided seven years prior to the Supreme Court's decision in *Kewin.* Recent opinions of this Court have questioned the continued vitality of that holding in light of the more recent pronouncement of our highest Court. See, *e.g., Butler v DAIIE,* 121 Mich App 727; 329 NW2d 781 (1982), and *Van Marter v American Fidelity Fire Ins Co,* 114 Mich App 171; 318 NW2d 679 (1982). Both *Butler* and *Van Marter* refused to extend recovery for mental distress damages to cases involving breach of an automobile insurance contract, holding instead that the no-fault insurance contracts were commercial or pecuniary in nature.

We find plaintiff's diligent and skillful attempts to distinguish the facts of the present situation from the holding in *Kewin* to be futile. Although

plaintiff has characterized the policy in the present case as a primary hospital medical policy under which payment is made directly to the health-care provider rather than to herself, we find this factor does not alter the primary commercial nature of the contract. Nor do we find plaintiff's characterization of the contract as providing her with "protection from mental concern and solicitude over her health care" or as one in which defendant sold her "peace of mind for her physical and mental health, safety and welfare" sufficient to establish that damages for mental distress were either a natural result of the breach or were reasonably within the contemplation of the parties at the time of contract formation. The concepts espoused by plaintiff were thoroughly discussed and developed in Justice WILLIAMS's dissent in *Kewin;* we, however, are bound by the majority opinion and find its reasoning persuasive.

We also note that a situation similar to that in the present case was presented in *Zimmerman v Michigan Hospital Service,* 96 Mich App 464; 292 NW2d 236 (1980), *lv den* 409 Mich 941 (1980). This Court reversed a lower court judgment that awarded exemplary damages to plaintiff for mental anguish and humiliation arising out of a breach of a hospitalization insurance contract. In *Zimmerman,* as in the present case, damages for mental distress were based upon actions taken subsequent to the insurer's refusal to pay and resulted from attempts to secure payment for the hospital costs. Although plaintiffs were subjected to collection efforts by the hospital, the Court found the dispute to be of a pecuniary nature and capable of compensation without resort to damages for mental distress.

We have no doubt that plaintiff has suffered

some anxiety and concern arising from defendant's alleged breach of the insurance contract; as with any broken agreement, some annoyance or inconvenience will usually result. Recovery for such consequences however, will not be allowed absent evidence that they were within the parties' contemplation at the time the contract was made. Here, the contract between plaintiff and defendant provided for the payment of certain medical expenses, a financial arrangement capable of accurate monetary recompense for any breach. We find that the hospitalization insurance contract is unlike the contracts in *Stewart* and *Miholevich* in that the damages resulting from the loss of a child or a deprivation of personal liberty are not capable of being compensated by reference to the monetary value of the contract alone. Furthermore, both those contracts involved special personal or sacred rights where mental anguish and distress were likely results of the breach and were not only within the contemplation of the parties but were "an integral and inseparable part of" the contract. *Stewart, supra,* p 471.

We affirm the decision of the trial court granting defendant summary judgment on plaintiff's claim for mental distress damages. Given plaintiff's failure to seek leave to amend her complaint in the lower court, we decline to consider this request for the first time on appeal.

Affirmed.