LANE v KINDERCARE LEARNING CENTERS, INC

Docket No. 201084. Submitted September 16, 1998, at Detroit. Decided
September 29, 1998, at 9:05 A.M. Leave to appeal sought.

Katherine Lane brought an action in the Ingham Circuit Court against
KinderCare Learning Centers, Inc., alleging breach of contract, stat-
utory, regulatory, and internal policy violations, negligence, and
gross negligence as a result of an incident in which the plaintiff's
eighteen-month-old daughter, while in the defendant's care, was left
unattended and locked in the defendant's building when the
defendant's employees left work for the day. The plaintiff also
alleged that the defendant's employees failed to administer the
child's prescription medication as directed. The plaintiff sought
exemplary damages. The court, Michael G. Harrison, J., granted
summary disposition in favor of the defendant. The plaintiff
appealed.

The Court of Appeals *held*:

1. The trial court erred in granting summary disposition of the
breach of contract claim pursuant to MCR 2.116(C)(8) on the
ground that the plaintiff failed to allege compensable emotional
distress.

2. Although damages for emotional distress generally may not be
recovered for the breach of commercial or pecuniary contracts,
damages for emotional distress may be recovered for the breach of
a contract in cases involving contracts of a personal nature. The
contract involved in this case was personal in nature.

3. At the time the contract was executed, it was foreseeable that
its breach would result in mental distress damages to the plaintiff
that would extend beyond the mere annoyance and vexation that
normally accompanies the breach of a contract.

4. The court erred in granting summary disposition on the
ground that the plaintiff failed to prove that she suffered a definite
and objective physical injury as a result of her emotional distress.
Damages may be awarded for emotional distress caused by a
breach of a personal contract even where the emotional distress
does not result in a physical injury.

5. The court properly concluded that the plaintiff had no private
cause of action because of the defendant's alleged violations of the

child care organizations act, MCL 722.111 *et seq.*; MSA 25.358(11) *et seq.*

6. The court abused its discretion in denying the plaintiff's motion to amend her complaint for a second time on the ground that the amendment would result in prejudice to the court. However, because the amendment would have been futile, the motion to amend was properly denied.

Affirmed in part and reversed in part.

1. CONTRACTS — DAMAGES — BREACH OF CONTRACT.

The recovery of damages for the breach of a contract is limited to those damages that are the natural result of the breach or those that are contemplated by the parties at the time the contract was made.

2. CONTRACTS — DAMAGES — EMOTIONAL DISTRESS — PERSONAL CONTRACTS.

Damages for emotional distress generally cannot be recovered for the breach of a commercial or pecuniary contract; however, damages for emotional distress may be recovered for the breach of a contract of a personal nature even where the emotional distress does not result in a physical injury.

3. ACTIONS — CHILD CARE ORGANIZATIONS ACT — PRIVATE CAUSES OF ACTION.

The child care organizations act, MCL 722.111 *et seq.*; MSA 25.358(11) *et seq.*, provides criminal penalties for the violation of its provisions, adequately provides for enforcement of its provisions through proceedings instituted by the Attorney General, and does not expressly create a private cause of action for its violation; no private cause of action exists for alleged violations of the act.

4. MOTIONS AND ORDERS — SUMMARY DISPOSITION — AMENDMENT OF PLEADINGS.

A court deciding a motion for summary disposition based on MCR 2.116(C)(8) must give the parties an opportunity to amend their pleadings as provided by MCR 2.118 unless the amendment would be futile (MCR 2.116[I][5]).

5. MOTIONS AND ORDERS — PLEADING — AMENDMENT OF PLEADINGS.

A motion to amend a complaint ordinarily should be denied only because of undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment; absent bad faith or actual prejudice to the opposing party, delay, alone, does not warrant denial of a motion to amend.

*Glotta, Skutt & Associates, P.C.* (by *Ronald D. Glotta*), for the plaintiff.

*Kemp, Klein, Umphrey & Endelman, P.C.* (by *Lauran F. Howard* and *Margaret J. Kurtzweil*), for the defendant.

Before: GRIBBS, P.J., and SAWYER and DOCTOROFF, JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the Ingham Circuit Court granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8). We affirm in part and reverse in part.

Plaintiff enrolled her eighteen-month-old daughter in day care with defendant. On December 9, 1992, plaintiff dropped off her daughter at defendant's facility at lunch time. Plaintiff's daughter had been prescribed medication, and plaintiff filled out an authorization form granting defendant's employees permission to administer the medication to her daughter that day. Just after 5:00 P.M. on December 9, 1992, one of defendant's employee's placed the child, who had fallen asleep, in a crib in the infant room. At approximately 6:00 P.M., defendant's employees locked the doors of the facility and went home for the day, apparently unaware that plaintiff's daughter was still sleeping in the crib. Shortly thereafter, plaintiff returned to the facility to pick up her daughter and found the facility locked and unlit. Plaintiff called 911. A police officer who responded to the call looked through a window of the facility, with the aid of a flashlight, and saw the child sleeping in the crib. Another officer then broke a window and retrieved the child from the building. The child was upset after the incident, but was not physically harmed. When plaintiff went into the facility to retrieve her daugh-

ter's belongings, she apparently found the medication authorization form and observed that it had not been initialed to indicate that the child had been given the medication. Plaintiff alleged that she suffered emotional distress as a result of the incident.

Plaintiff filed a complaint against defendant, alleging breach of contract, statutory, regulatory, and internal policy violations, negligence, and gross negligence, and seeking exemplary damages. Defendant moved for summary disposition of plaintiff's claims pursuant to MCR 2.116(C)(8) and (C)(10). After a hearing, the trial court granted summary disposition of plaintiff's claims pursuant to MCR 2.116(C)(8).

Plaintiff first argues that the trial court erred in granting summary disposition of her breach of contract claim pursuant to MCR 2.116(C)(8) on the ground that plaintiff failed to allege compensable emotional distress. We agree.

This Court reviews a trial court's grant of summary disposition de novo. *Nelson v Ho*, 222 Mich App 74, 77; 564 NW2d 482 (1997). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Jackson v Oliver*, 204 Mich App 122, 125; 514 NW2d 195 (1994). All factual allegations in support of the claim are taken as true, as well as any reasonable inferences or conclusions drawn from the facts. *Id.* The motion should be granted only where the claim is so clearly unenforceable as a matter of law that no factual development could justify a right to recovery. *Id.*

The recovery of damages for the breach of a contract is limited to those damages that are a natural result of the breach or those that are contemplated by the parties at the time the contract was made. *Kewin*

*v Massachusetts Mut Life Ins Co*, 409 Mich 401, 414; 295 NW2d 50 (1980); *Hadley v Baxendale*, 9 Exch 341; 156 Eng Rep 145 (1854). Therefore, it is generally held that damages for emotional distress cannot be recovered for the breach of a commercial contract. *Kewin, supra* at 414. However, our Supreme Court has recognized that damages for emotional distress may be recovered for the breach of a contract in cases that do not involve commercial or pecuniary contracts, but involve contracts of a personal nature. *Stewart v Rudner*, 349 Mich 459, 469; 84 NW2d 816 (1957). Our Supreme Court explained:

> When we have a contract concerned not with trade and commerce but with life and death, not with profit but with elements of personality, not with pecuniary aggrandizement but with matters of mental concern and solicitude, then a breach of duty with respect to such contracts will inevitably and necessarily result in mental anguish, pain and suffering. In such cases the parties may reasonably be said to have contracted with reference to the payment of damages therefor in event of breach. Far from being outside the contemplation of the parties they are an integral and inseparable part of it. [*Id.* at 471.]

Examples of personal contracts include a contract to perform a cesarean section, *Stewart, supra*; a contract for the care and burial of a dead body, *Allinger v Kell*, 102 Mich App 798, 812; 302 NW2d 576 (1981) (ALLEN, J.), rev'd in part on other grounds 411 Mich 1053 (1981); a contract to care for the plaintiff's elderly mother and to notify the plaintiff in the event of the mother's illness, *Avery v Arnold Home, Inc*, 17 Mich App 240, 243; 169 NW2d 135 (1969); and a

promise to marry, *Vanderpool v Richardson,* 52 Mich 336; 17 NW 936 (1883)[1].

We believe that a contract to care for one's child is a matter of "mental concern and solicitude," rather than "pecuniary aggrandizement." *Stewart, supra* at 471. Therefore, like the contract to care for the plaintiff's elderly mother in *Avery, supra,* the contract involved in the instant case was personal in nature, rather than commercial. At the time the contract was executed, it was foreseeable that a breach of the contract would result in mental distress damages to plaintiff, which would extend beyond the mere "annoyance and vexation" that normally accompanies the breach of a contract. *Kewin, supra* at 417. Such damages are clearly within the contemplation of the parties to such a contract.

The trial court granted summary disposition of plaintiff's breach of contract claim pursuant to MCR 2.116(C)(8)  on the ground that plaintiff failed to plead that she suffered a definite and objective physical injury as a result of her emotional distress. However, damages may be awarded for emotional distress caused by a breach of a personal contract even where the emotional distress does not result in a physical injury. *Avery, supra* at 243. We therefore conclude that the trial court erred in granting summary disposition of plaintiff's breach of contract claim pursuant to MCR 2.116(C)(8).

---

[1] Contracts that have been held to be commercial, rather than personal, include a no-fault automobile insurance contract, *Butler v DAIIE,* 121 Mich App 727, 735; 329 NW2d 781 (1982);  a disability insurance contract, *Kewin, supra* at 419; a hospitalization insurance contract, *Shikany v Blue Cross & Blue Shield of Michigan,* 134 Mich App 603, 609-610; 350 NW2d 910 (1984);  and a contract for the construction of a house, *Jankowski v Mazzotta,* 7 Mich App 483, 487; 152 NW2d 49 (1967).

Plaintiff next argues that the trial court erred in granting summary disposition of her claim based on violations of the child care organizations act, MCL 722.111 *et seq.;* MSA 25.358(11) *et seq.,* pursuant to MCR 2.116(C)(8) after finding that the act did not authorize a private cause of action. We disagree.

Whether plaintiff has a private cause of action under the child care organizations act is a question of statutory interpretation. *Long v Chelsea Community Hosp,* 219 Mich App 578, 581; 557 NW2d 157 (1996). Statutory interpretation is a question of law, which we review de novo. *Id.* at 581-582.

The primary goal of judicial interpretation of statutes is to give effect to the intent of the Legislature. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 212; 501 NW2d 76 (1993). The first criterion in determining intent is the specific language of the statute. *House Speaker v State Administrative Bd,* 441 Mich 547, 567; 495 NW2d 539 (1993). The Legislature is presumed to have intended the meaning it plainly expressed. *McFarlane v McFarlane,* 223 Mich App 119, 123; 566 NW2d 297 (1997). Judicial construction of a statute is not permitted where the plain and ordinary meaning of the language is clear. *Dep't of Treasury v Comerica Bank,* 201 Mich App 318, 322; 506 NW2d 283 (1993).

Generally, when a statute creates a new right or imposes a new duty, the remedy provided by the statute to enforce the right, or for nonperformance of the duty, is exclusive. *Pompey v General Motors Corp,* 385 Mich 537, 552; 189 NW2d 243 (1971). Where the common law provides no right to relief, but the right to relief is created by statute, a plaintiff has no private cause of action to enforce the right unless (1)

the statute expressly creates a private cause of action, or (2) a cause of action can be inferred from the fact that the statute provides no adequate means of enforcement of its provisions. *Long, supra* at 583.

Here, the act does not expressly create a private cause of action. Furthermore, the act adequately provides for enforcement of its provisions through proceedings instituted by the Attorney General. MCL 722.123; MSA 25.358(23). The act also provides criminal penalties for the violation of its provisions. MCL 722.125; MSA 25.358(25). Therefore the trial court properly concluded that plaintiff had no private cause of action based on the alleged violations of the child care organizations act.

Finally, plaintiff argues that the trial court abused its discretion in denying her motion to amend her complaint for a second time on the ground that the amendment would result in prejudice to the court. We agree that the trial court abused its discretion in denying plaintiff's motion on the basis of prejudice to the court, but, nevertheless, conclude that, because the amendment would have been futile, plaintiff's motion to amend was properly denied.

When deciding a motion for summary disposition based on MCR 2.116(C)(8), the court must give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the amendment would be futile. MCR 2.116(I)(5); *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997). Pursuant to MCR 2.118(A)(2), plaintiff was required to seek leave of the court to amend her complaint a second time. A court should freely grant leave to amend a complaint when justice so requires. MCR 2.118(A)(2); *Phillips v Deihm*, 213 Mich App 389, 393; 541 NW2d 566 (1995).

The rules governing the amendment of pleadings are intended to facilitate amendment except when prejudice to the opposing party would result. *Id.* Thus, amendment is generally a matter of right, rather than grace. *Ben P Fyke & Sons v Gunter Co*, 390 Mich 649, 659; 213 NW2d 134 (1973). Ordinarily, a motion to amend a complaint should be granted, and should be denied only for the following particularized reasons: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment. *Weymers, supra* at 658. Absent bad faith or actual prejudice to the opposing party, delay, alone, does not warrant denial of a motion to amend. *Id.* at 659.

In the absence of bad faith or prejudice to defendant, we do not believe that prejudice to the court caused by plaintiff's delay in filing a motion to amend was a proper reason for denying plaintiff's motion. However, this Court will not reverse where the trial court reached the right result for the wrong reason. *Glazer v Lamkin*, 201 Mich App 432, 437; 506 NW2d 570 (1993). An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim. *Dukesherer Farms, Inc v Director of the Dep't of Agriculture*, 172 Mich App 524, 530; 432 NW2d 721 (1988); *Early Detection Center, PC v New York Life Ins Co*, 157 Mich App 618, 625; 403 NW2d 830 (1986). The allegations sought to be added in plaintiff's second amended complaint still failed to state a claim. In plaintiff's own words, her second amended complaint

would have merely added allegations that defendant "intentionally violated regulations by short-staffing and inadequate training in order to save expenses and increase profits." As discussed above, plaintiff has no private cause of action based on the alleged statutory violations. We, therefore, affirm the trial court's denial of plaintiff's motion to amend her complaint.

Affirmed in part and reversed in part.