*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JADWIGA HERMANOWSKA,

Plaintiff-Appellee,

v

TRENTON VILLAGE CONDOMINIUM
ASSOCIATION and KS MANAGEMENT, INC.,

Defendants-Appellants.

UNPUBLISHED
December 28, 2023

No. 362594
Wayne Circuit Court
LC No. 21-010738-NO

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Defendants appeal by leave granted the trial court's order granting in part and denying in part their motion for summary disposition under MCR 2.116(C)(8) and (10) of plaintiff's complaint alleging premises liability, violation of MCL 554.139 and MCL 559.241, negligence, and breach of contract. We affirm in part, reverse in part, and remand to the trial court for further proceedings.

## I. FACTS

Plaintiff owns a condominium unit in Trenton Village, a condominium complex in Trenton, Michigan. Plaintiff alleges that on June 1, 2020, she was walking to her car in the parking lot of the condominium complex when she tripped on deteriorated pavement and/or exposed metal protruding from the pavement. Plaintiff allegedly fell, fracturing her right leg and ankle. The parties do not dispute that the parking area where plaintiff fell is a common area within the condominium complex. Plaintiff asserts that the area where she fell had an uneven surface as the result of the removal of a garage from that location in 2013. Plaintiff testified that she first observed the piece of metal protruding from the pavement at the time she fell, but also asserted that the hazard did not exist until the garage was demolished and a carport constructed.

Defendant Trenton Village Condominium Association (the Association) is the condominium association for the condominium complex. Defendant KS Management, Inc (KS) is a property management company. In 2019, the Association contracted with KS to maintain the condominium property. The contract between the Association and KS provides, in relevant part:

-1-

2.5  Subject to the direction and at the expense of the Association, the Agent shall cause the general common and limited common elements of the Association to be maintained according to appropriate standards of maintenance consistent with the character of the Association, including exterior cleaning, painting, decorating, plumbing, carpentry, and such other normal maintenance and repair work as may be necessary subject to any limitation imposed by the Board and the Association documents.

The contract between the Association and KS also provides that "[t]here are no third-party beneficiaries to this agreement." The parties do not dispute that plaintiff is not a party to the contract between the Association and KS and that the contract does not identify plaintiff as an intended beneficiary.

Defendants assert that plaintiff did not inform them of the hazard either before or after her fall. By contrast, plaintiff's amended complaint alleged that before her fall on June 1, 2020, she informed the Association about the deteriorated condition of the carport area pavement on numerous occasions.

In Count I of her amended complaint, plaintiff alleged that her injury was caused by the Association's negligence, that the Association violated its duty to her under MCL 554.139 as a lessor of the property, and that the Association violated MCL 559.241 when it failed to remove the hazard in accordance with certain local laws, ordinances, and regulations.

In Count II of her amended complaint, plaintiff alleged that her injury was caused by KS's negligence; she alleged that KS breached its duty of care under its contract with the Association by failing to perform its contractual obligations in a reasonable manner by disregarding the hazardous pavement. Plaintiff further asserted that KS owed a separate and distinct duty to her apart from its contract with the Association, which it breached by neglecting to remove the hazard. In Count III of her amended complaint, plaintiff alleged that KS breached a separate contract with her by failing to pay her $450 for cleaning services she had performed.

Defendants moved for partial summary disposition under MCR 2.116(C)(8) and (C)(10). Defendants contended that plaintiff's claim in Count I of her amended complaint that the Association violated MCL 554.139 was subject to dismissal because plaintiff was an owner of the condominium, not a lessee. Defendants alleged that plaintiff's claim that the Association violated MCL 559.241 was subject to dismissal under MCR 2.116(C)(8) because no such cause of action for personal injury is recognized in Michigan. Defendants also argued that plaintiff's status as a co-owner of the condominium barred her from relief on premises liability grounds, and that summary disposition of plaintiff's premises liability claim in Count I was warranted under MCR 2.116(C)(10) because there was no question of material fact that the Association did not owe any statutory or common law duty to plaintiff.

With respect to Count II, defendants contended that summary disposition was warranted under MCR 2.116(C)(8) and (10) because plaintiff failed to state a claim for negligence and also that there was no genuine issue of material fact because plaintiff was not a beneficiary of defendants' property management contract and had failed to identify a separate and distinct duty regarding the maintenance of the condominium premises aside from KS's contractual obligations.

Plaintiff argued that there were genuine factual disputes regarding whether (1) plaintiff's status as a co-owner of the common areas absolved defendants of their duty to prevent unreasonable risks of harm, (2) the Association violated MCL 559.241 because the deteriorated condition of the pavement violated several local ordinances, and whether (3) KS violated a duty "separate and distinct" from the one stated in defendants' property management agreement.

The trial court granted in part and denied in part defendants' motion for summary disposition. The trial court's order states only:

> Count 1 is dismissed as the Defendant is not a lessor. Claims can be maintained against the Association pursuant to MCL 559.241 and the City of Trenton's Ordinance violations and against [KS] for breach of contract and negligence.

The trial court thereafter denied defendants' motion for reconsideration. Defendants now appeal by leave granted.

## II. DISCUSSION

## A. STANDARD OF REVIEW

Defendants contend that the trial court erred by denying in part their motion for summary disposition under MCR 2.116(C)(8) and (C)(10). We review de novo the trial court's decision to grant or deny summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). Whether the Legislature created a private cause of action under a statute involves statutory interpretation, which we review de novo. *Randall v Mich High Sch Athletic Ass'n*, 334 Mich App 697, 715; 965 NW2d 690 (2020). Whether a duty of care exists is a question of law that this Court also reviews de novo. *Id*.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the plaintiff's claim, and is warranted when the claim is so unenforceable that no factual development could justify recovery. *El-Khalil v Oakwood Healthcare, Inc,* 504 Mich 152, 159-160; 934 NW2d 665 (2019). When reviewing the trial court's decision on a motion for summary disposition under MCR 2.116(C)(8), we consider the motion based solely upon the pleadings and accept all factual allegations as true. *Id*. at 160.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the plaintiff's claim and is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil*, 504 Mich at 160. When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10), we consider the parties' documentary evidence in the light most favorable to the party opposing the motion. *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). When the record leaves open an issue upon which reasonable minds might disagree, a genuine issue of material fact exists and summary disposition is not warranted. *Id*.

## B. COUNT I: THE ASSOCIATION

The trial court dismissed Count I of plaintiff's amended complaint, in which plaintiff alleged against the Association premises liability and violation of MCL 554.139 and MCL

559.241. The trial court's order states that "Count 1 is dismissed as the Defendant is not a lessor." But although the trial court dismissed Count I, the trial court also ordered that "[c]laims can be maintained against the Association pursuant to MCL 559.241 and the City of Trenton's Ordinance violations. . . ." We understand the trial court's ruling as granting summary disposition to the Association of Count I of plaintiff's amended complaint except as specifically identified by the trial court; thus, the trial court dismissed plaintiff's claim of premises liability and her claim that the Association violated MCL 554.139,[1] but permitted plaintiff to maintain her claim that the Association violated MCL 559.241, which was based on alleged violation of local ordinances. Plaintiff has not brought a cross-appeal of the trial court's dismissal of her premises liability claim as it relates to Count I of plaintiff's complaint, so that issue is not before us. On appeal, defendants contend that the trial court erred by determining that MCL 559.241 provides plaintiff with a cause of action against the Association for personal injury occurring on the condominium premises.[2] We agree.

MCL 559.241(1), a subsection of the Condominium Act, MCL 559.101 *et seq.*, provides as follows:

(1) A condominium project shall comply with applicable local law, ordinances, and regulations. Except as provided in subsection (2), a proposed or existing condominium project shall not be prohibited nor treated differently by any law, regulation, or ordinance of any local unit of government, which would apply to that project or development under a different form of ownership.

A plaintiff generally "cannot make a viable claim for money damages based strictly on violation of a statute unless the Legislature provides for a private statutory cause of action." *Randall*, 334 Mich App at 717; see also *Lash v Traverse City*, 479 Mich 180, 194-197; 735 NW2d 628 (2007). "[A] plaintiff has no private cause of action to enforce [a statutory] right unless (1) the statute expressly creates a private cause of action, or (2) a cause of action can be inferred from

---

[1] MCL 554.139(1) provides:

In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties.

(b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants willful or irresponsible conduct or lack of conduct.

[2] Defendants also argue that they are not a "condominium project" within the meaning of MCL 559.241, and therefore are not subject to a private cause of action under that statute. We need not reach that question, however, because MCL 559.241 does not provide a private cause of action for a plaintiff injured in a slip and fall.

the fact that the statute provides no adequate means of enforcement of its provisions." *Lane v Kindercare Learning Ctrs*, 231 Mich App 689, 695-696; 588 NW2d 715 (1998).

MCL 559.241 does not expressly create a private statutory cause of action; it simply mandates compliance by condominium projects with applicable local law, ordinances, and regulations, and prohibits governmental entities from instituting or applying laws in a discriminatory manner regarding the development of condominiums. MCL 559.209 also addresses tort liability under the Condominium Act, providing that "[n]either the association of co-owners nor the co-owners, other than the developer, shall be liable for torts caused by the developer or his agents or employees of the developer within the common elements." In addition, alternative methods exist to enforce local laws, ordinances, and regulations, such as through citations and local law enforcement actions. We therefore decline to infer a private cause of action where none is authorized. Because the Legislature gave no indication that by enacting MCL 559.241 it intended to provide a cause of action for personal injury on the basis that a condominium association has violated a local regulation governing the condition of the property, the trial court erred by denying defendants summary disposition of plaintiff's claim under MCL 559.241.

## C. COUNT II: KS

Defendants also contend that the trial court erred when it denied their motion for summary disposition of plaintiff's claim of negligence against KS. We agree.

To establish a prima facie case of negligence, a plaintiff must establish that "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). "Actionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law." *Fultz v Union-Commerce Assoc*, 470 Mich 460, 465; 683 NW2d 587 (2004) (quotation marks and citation omitted). Thus, "[t]he threshold question in a negligence action is whether the defendant owed a duty to the plaintiff." *Id*. at 463.

The common law "imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to unreasonably endanger the person or property of others." *Clark v Dalman*, 379 Mich 251, 261; 150 NW2d 755 (1967). This "may be a specific duty owing to the plaintiff by the defendant, or it may be a general one owed by the defendant to the public, of which the plaintiff is a part." *Fultz*, 470 Mich at 465 (quotation marks and citation omitted).

A duty of care also can arise from a contractual relationship. *Loweke*, 489 Mich at 165. However, "tort actions based on a contract and brought by a plaintiff who is not a party to that contract" should be analyzed "by using a 'separate and distinct' mode of analysis." *Fultz*, 470 Mich at 467. To determine whether a legal duty arises "when two parties enter into a contract and a noncontracting third party, i.e., one who is a stranger to the contract, is injured," the relevant question is "whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations." *Loweke*, 489 Mich at 162, 166. "If no independent duty exists, no tort action based on a contract will lie." *Fultz*, 470 Mich at 467.

In this case, plaintiff contends that KS was negligent in the performance of the contract by failing to remedy the deteriorated pavement on which she tripped. Under the terms of defendants' contract, KS "shall cause the general common and limited common elements of the Association to be maintained . . . including exterior cleaning, painting, decorating, plumbing, carpentry, and such other normal maintenance and repair work as may be necessary." Plaintiff, however, was not a party to the contract, nor was she an intended beneficiary of the contract. KS therefore did not a owe a contractual duty to plaintiff.

Plaintiff argues that KS's failure to address the deteriorated pavement in the parking lot constituted an act of negligence in violation of a duty of care separate and distinct from its contractual obligations. Although a contracting party continues to owe a common-law duty to use ordinary care "to avoid physical harm to foreseeable persons and property in the execution of its undertakings," *Loweke*, 489 Mich at 172, plaintiff has not demonstrated that KS breached its duty of ordinary care as part of an undertaking related to the damaged pavement. Plaintiff has not demonstrated a breach of duty; for example, the duty to use reasonable care in removing dangerous ice and snow was held to be not distinct from the defendant's contractual obligations when the failure to fulfill snow-removal duties created no new hazard. *Fultz*, 470 Mich at 469. Further, the record does not suggest that KS created the hazard, as plaintiff asserted the protruding metal was a remnant from the previous demolition of the condominium garage, which purportedly occurred in 2013, while defendants' agreement was executed in October 2019. We therefore conclude that the trial court erred by denying defendants summary disposition of Count II of plaintiff's amended complaint.[3]

## D. COUNT III: KS

In Count III of her amended complaint, plaintiff claims that KS breached a contract to pay her for cleaning services. The trial court denied summary disposition of plaintiff's claim for breach of contract, and defendants do not challenge this ruling on appeal. We therefore affirm the trial court's denial of summary disposition of plaintiff's claim that KS breached an alleged contract to pay her for cleaning services.

We affirm the trial court's dismissal of Count I of the amended complaint, reverse the trial court's denial of summary disposition of plaintiff's claim against the Association under MCL 559.241, reverse the trial court's denial of summary disposition of Count II of the amended

---

[3] Plaintiff's amended complaint also alleged that at the time of her injury, KS was in possession and control of the common areas of Trenton Village. The trial court did not make a finding regarding this assertion. We note that if plaintiff demonstrated that KS was a "possessor" of the property on which plaintiff fell, plaintiff's negligence claim against KS would then sound in premises liability rather than ordinary negligence. See *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 625-626; 971 NW2d 716 (2021). If so, plaintiff would be precluded from pursuing a premises liability claim against KS because her status as a co-owner of the condominium common areas dictates she was not on the land of another when she fell, and thus is ineligible for relief on premises liability grounds. See *Francescutti v Fox Chase Condo Ass'n*, 312 Mich App 640, 643; 886 NW2d 891 (2015).

complaint, and affirm the trial court's denial of summary disposition with regard to Count III of plaintiff's claim against KS for breach of an alleged contract for cleaning services. We remand to the trial court for further proceedings regarding Count III. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola