*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN M. WRIGHT,

        Plaintiff-Appellant,

v

TYLER PALMATIER,

        Defendant-Appellee,

and

RACHAEL HAMILTON,

        Defendant.

UNPUBLISHED
February 11, 2025
10:50 AM

No. 368133
Shiawassee Circuit Court
LC No. 2021-005682-CH

Before: BORRELLO, P.J., and REDFORD and PATEL, JJ.

PER CURIAM.

In this action to quiet title, plaintiff, Steven M. Wright, appeals by right the trial court's opinion and order denying reconsideration of its order granting defendant Tyler Palmatier's amended motion to dismiss under MCR 2.116(C)(8).[1] On appeal, Wright argues that the trial court erred in dismissing his claims for adverse possession and trespass under MCR 2.116(C)(8) without giving him the opportunity to amend to include additional facts to support his claims. Because amendment would have been in the interest of justice, we affirm in part, reverse in part, and remand for further proceedings as stated in this opinion.

---

[1] Wright stipulated to dismiss his claim against defendant Rachael Hamilton, without prejudice, and thus Hamilton is not a participant in this appeal.

-1-

This action involves a dispute over an approximately 19-foot by 660-foot strip of real property in Woodhull Township, Michigan. The disputed property is depicted as "Parcel B" in the following excerpt from a land survey completed for Wright:[2]



Wright owns real property located at 13780 Shaftsburg Road, Perry, Michigan, which is depicted as "Parcel A" in the survey. Wright alleges that the southern border of parcel A is coterminous with the northern border of parcel B. Wright claims an interest in parcel A on the basis of adverse possession and acquiescence.

Palmatier owns real property located at 13774 Shaftsburg Road, Perry, Michigan. According to a warranty deed recorded with the Shiawassee County Register of Deeds on October 11, 2019, Jeannie Rene Mahlow, a/k/a Lilah Jean Mahlow, conveyed the property to Palmatier on October 7, 2019. Wright alleges that the legal description of the property in Palmatier's warranty deed includes parcel B, but the Shiawassee County tax records do not identify Palmatier as the owner of parcel B.

Wright initially brought this quiet title action against Rachael Hamilton, the owner of real property that is located immediately south of parcel B, alleging that "[t]here is an approximately 19 ft strip of land located between" Wright's and Hamilton's property and "[i]t is unclear from legal descriptions who the fee owner of said 19 ft strip of land is." Wright alleged that he "acquired ownership of his land via deed signed October 6, 1995 and recorded in the Shiawassee County Register of Deeds at Liber 833, page 209; however, the land was previously owned by Plaintiff's parents and Plaintiff has lived and maintained the land and the area in dispute for his entire life."

---

[2] Palmatier contends that the survey was not part of the lower court record and thus not considered by the trial court. However, the lower court record reflects that the survey was referenced and attached as an exhibit to the amended complaint.

Wright further alleged that his "and his predecessor-in-title's use and possession of the19-ft strip of land adjacent has been actual, visible, open, notorious, exclusive, continuous, and uninterrupted for more than 15 years, thus satisfying the requirements for adverse possession under Michigan law." Hamilton denied that she owned the 19-foot strip of land, and Wright ultimately stipulated to dismiss his claim against Hamilton without prejudice.

Pursuant to leave granted by the trial court, Wright filed an amended complaint against Palmatier, only, asserting claims of adverse possession, acquiescence, and trespass. Wright alleged that he "has continuously and exclusively used all or a portion of [parcel B] for more than 15 years, having moved [sic] the grass on and maintained the . . . Parcel and otherwise treated the . . . Parcel as a 19-foot extension of" his property. Wright contended that his use and possession of parcel B, or a portion of it, has been actual, visible, open, notorious, exclusive, hostile, and continuous for more than 15 years. He further alleged that his possession was "under cover of claim or right" and "uninterrupted for more than 15 years." Wright alleged that his exclusive use, possession, and control of parcel B, or a portion of it, for more than 15 years extinguished any rights Palmatier had to parcel B. Wright also alleged that "[n]either Palmatier nor any prior holders of any interest in the . . . Parcel have disputed Mr. Wright's exclusive use, possession, and ownership of all or a portion of the . . . Parcel for an uninterrupted, continuous period of more than l5 years" and, "[a]s a result of Palmatier and any prior interest holders' acquiescence, Mr. Wright is the exclusive owner of the . . . Parcel, or a portion of it, free and clear of any claims of Palmatier. Finally, Wright asserted that Palmatier intentionally trespassed on parcel B and caused damage to Wright by installing cameras and mowing the grass without Wright's authorization or consent.

In lieu of a responsive pleading, Palmatier moved to dismiss the amended complaint under MCR 2.116(C)(8). Palmatier argued that he was a bona fide purchaser for consideration of parcel B. Palmatier contended that he had no notice of Wright's claim of title. In particular, he asserted that "[o]ccasionally mowing grass is not taking action inconsistent with the true owner's use and ownership of the property." Palmatier argued that he took ownership of parcel B free of any claim by third parties. He argued that Wright failed to state claims for quiet title and trespass and thus the amended complaint should be dismissed under MCR 2.116(C)(8). Palmatier further asserted that the amended complaint did not satisfy the requirements of MCR 3.411 because it failed to include evidence of title or describe the land in question with reasonable certainty.

In response, Wright argued that he sufficiently pleaded that he had "actual, visible, open, notorious, exclusive, and uninterrupted possession of the disputed land that was hostile and under a claim of right continuously beyond the statutory period of fifteen years which is sufficient to survive a motion under MCR 2.118(C)(8)." Wright contended that he exclusively possessed parcel B for 35 years. Wright asserted that his continuous maintenance of parcel B, including mowing the grass, and his exclusive use of the parcel for a period over 15 years was sufficient to establish his adverse and hostile possession of the property. Wright additionally argued that Palmatier's argument that he did not have prior notice of Wright's interest in parcel B was actually a disguised MCR 2.116(C)(10) motion. Relying on his own sworn affidavit that asserted facts regarding his use and possession of parcel B that were not alleged in the amended complaint, Wright maintained that Palmatier had constructive notice of Wright's interest when he purchased the land and thus could not be regarded as a bona fide purchaser of the parcel.

In reply, Palmatier argued that Wright's affidavit could not be considered by the court in deciding the motion to dismiss under MCR 2.116(C)(8). Palmatier asserted that the amended complaint simply alleged that Wright mowed and maintained parcel B for more than 15 years, which was insufficient to establish notice to third parties or possession sufficient to defeat Palmatier's constructive possession as owner of record.

At the motion hearing, the court noted that Wright's affidavit would not be considered because the motion was brought under MCR 2.116(C)(8). Wright's counsel acknowledged that the complaint could have provided more detail, but argued that Michigan is a notice-pleading state. He further argued that if the court determined that the complaint was not pleaded sufficiently, Wright should be afforded an opportunity to amend the complaint under MCR 2.116(I)(5) to elaborate on the allegation that Wright mowed, maintained, and treated parcel B as an extension of his property. Wright's counsel asserted that the affidavit was provided to establish that there were additional facts that could be pleaded in support of his claims. The court stated that the amended complaint did not include any facts to explain the maintenance he performed on the property or how his use and possession of the parcel was actual, visible, open, notorious, hostile, continuous, and exclusive. The court concluded that the complaint was so conclusory that dismissal was warranted under MCR 2.116(C)(8). The court denied Wright's oral motion for leave to amend under MCR 2.116(I)(5), noting that Wright did not provide a proposed amended complaint. But the court instructed Wright to move for reconsideration and attach a proposed amended complaint. The court entered an order granting the motion for the reasons stated on the record.

Adhering to the court's instructions, Wright moved for reconsideration and requested leave to amend his complaint as afforded by MCR 2.116(I)(5) and MCR 2.118(A)(2). Wright attached his proposed second amended complaint, which included the following factual allegations that were not in his first amended complaint:

> 6. Mr. Wright, individually and through a trust, has owned the real property located at 13780 Shaftsburg Road, Perry, Michigan (the "Wright Property") continuously since 1986.[3]

> 7. Mr. Wright has resided at the house on the Wright Property since 1986.

> 8. The Wright Property also contains a pool, pole barn, shed, greenhouses, chicken coop, and fire pit behind the house, and then a wooded area further back.

> * * *

> 10. The portion of [parcel B] bordering Shaftsburg Road serves as an extension of Mr. Wright's front and side yards, while the balance of [parcel B] is a

---

[3] Although the amended complaint alleged that Wright owned parcel A, there were no factual allegations as to when he acquired his interest.

mostly wooded area that serves as an extension of the wooded portion of the Wright Property.

11. As set forth in paragraphs 12 through 23 below, Mr. Wright has continuously and exclusively used all or a portion of [parcel B] for more than 15 years.

12. Each year since 1986, Mr. Wright has mowed the grass portion of [parcel B] on an approximately weekly basis during the spring, summer, and fall seasons.

13. Each year since 1986, Mr. Wright has raked and removed leaves from [parcel B] during the fall season and cleaned up garbage and other debris, particularly from the portion of the parcel near Shaftsburg Road.

14. Mr. Wright has used [parcel B] for entertainment purposes since 1986, including but not limited to hosting parties and family reunions, riding four wheelers, and playing yard games and allowing guests to park there.

15. At various times since 1986, Mr. Wright has located a picnic table, hammock, and canopies on [parcel B], along with a children's play structure and various toys.

16. Mr. Wright has frequently hunted on [parcel B] since 1986.

17. Mr. Wright has routinely walked [parcel B] since 1986 and driven his tractor and other vehicles on the parcel.

18. In the wooded portion of [parcel B], Mr. Wright has since 1986 regularly planted new trees and removed fallen and dead trees and then stored them on the parcel before using them for firewood.

19. Mr. Wright has frequently used the [parcel B] to access other portions of his property since 1986, utilizing the parcel to build and access the pool, pole barn, shed, greenhouses, and chicken coop.

20. A culvert traverses [parcel B] near Shaftsburg Road, and Mr. Wright has maintained the culvert and kept it free of debris since 1986.

21. A county drain also traverses [parcel B], in two separate locations, and Mr. Wright has inspected those portions of the drain for adverse conditions and reported the same to the county drain commissioner for more than 20 years.

22. In 1997, Mr. Wright installed a pool behind his house, using [parcel B] to access his property and for storage during the installation, and his pool fence, landscaping rocks, and tiki torches are located on [parcel B].

23. In approximately 2011, Mr. Wright installed planter boxes that are located on [parcel B].

24. Upon information and belief Mr. Wright has paid real estate taxes assessed against [parcel B].

25. No one besides Mr. Wright and his guests and invitees possessed or used [parcel B] from 1986 until 2019, when Tyler Palmatier purported to purchase [parcel B], and in situations where trespassers have appeared on [parcel B] Mr. Wright has taken steps to exclude and remove them, including but not limited to contacting law enforcement.

The trial court denied Wright's motion for reconsideration, concluding that amendment would be futile and Wright did not establish that the court palpably erred by granting dismissal under MCR 2.116(C)(8). The court stated that the "proposed second amended complaint does not set forth sufficient facts to establish that [Wright's] occupation of the property has been continuous for the entire period." The courted noted that Wright's allegation that he has kept flower boxes on parcel B since 2011 was less than the 15-year requirement to establish adverse possession. Similarly, the court held that Wright's acquiescence claim failed to demonstrate the required continuity. Finally, the court concluded that Wright lacked standing to bring a trespass claim because he failed to establish that he had a cognizable interest in parcel B.

This appeal followed.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *Id.* A court must accept all factual allegations as true and review the matter on the pleadings alone. *Id*. at 160. The grant of a motion under MCR 2.116(C)(8) is only appropriate "when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

We review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 8, 840 NW2d 401 (2013). A trial court abuses its discretion when its decision falls outside the range of principled outcomes, or when it "premises its exercise of discretion on an error of law." *Int'l Outdoor, Inc v SS Mitx, LLC*, __ Mich App __, __; __ NW3d __ (2023) (Docket No. 359082); slip op at 3-4.

## III. ANALYSIS

Wright argues that the trial court erred by dismissing his claims for adverse possession and trespass and further asserts that he should have been afforded an opportunity to amend his complaint to add facts supporting his claims. We agree, in part.

## A. ADVERSE POSSESSION

The statutory basis for a claim of adverse possession arises under MCL 600.5801, which provides in relevant part:

> No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless, after the claim or right to make the entry first accrued to himself or to someone through whom he claims, he commences the action or makes the entry within the periods of time prescribed by this section.
>
> * * *
>
> (4) . . . In all other cases under this section, the period of limitation is 15 years.

The 15-year period begins at the time the original owner is disseized of the land. MCL 600.5829(1). "Disseisin occurs when the true owner is deprived of possession or displaced by someone exercising the powers and privileges of ownership." *Houston v Mint Group, LLC*, 335 Mich App 545, 559; 968 NW2d 9 (2021) (cleaned up).

> A successful adverse possession claim requires the party claiming it to
>
> show "clear and cogent proof of possession that is actual, visible, open, notorious, exclusive, continuous and uninterrupted for the statutory period of 15 years, hostile and under cover of claim of right." After the statutory period ends, the record owner's title is extinguished and the adverse possessor acquires "legal title" to the property. Acquisition of title in this manner includes "the right to defend the possession and to protect the property against the trespass of all others." [*Marlette Auto Wash, LLC v Van Dyke SC Props, LLC*, 501 Mich 192, 210; 912 NW2d 161 (2018) (citation omitted).]

"The possession must be so open, visible, and notorious as to raise the presumption of notice to the world that the right of the true owner is invaded intentionally, and with the purpose to assert a claim of title adversely to his, *so that if the true owner remains in ignorance it is his own fault*." *Id*. at 211 (cleaned up). "The term 'hostile' as employed in the law of adverse possession is a term of art and does not imply ill will; rather, hostile use is that which is inconsistent with the right of the owner, without permission asked or given, and which would entitle the owner to a cause of action against the intruder." *Houston*, 335 Mich App at 559 (cleaned up). But "[i]t is not necessary that the occupation should be such that a mere stranger passing by the land would know that some one [sic] was asserting title to and dominion over it. It is not necessary that the land be cleared or fenced, or any building be placed upon it." *Murray v Hudson*, 65 Mich 670, 674; 32 NW 889 (1887). The occupation is sufficient if it is "such as to notify and warn the owner, should he visit the premises, that a person is in possession under a hostile claim[.]" *Merritt v Westerman*, 180 Mich 449, 453; 147 NW 483 (1914).

Although "Michigan is a notice-pleading state," *Johnson v QFD*, Inc., 292 Mich App 359, 368; 807 NW2d 719 (2011), a complaint in an action to determine interests in land must allege "the facts establishing the superiority of the plaintiff's claim[,]" MCR 3.411(B)(2)(c). In this case,

the amended complaint does not include any factual allegations regarding the date that Wright acquired ownership to parcel A. And, other than a general allegation that Wright mowed the grass and maintained parcel B for more than 15 years, the amended complaint provides no factual support that Wright's possession of parcel B was "actual, visible, open, notorious, exclusive, continuous and uninterrupted for the statutory period of 15 years, hostile and under cover of claim of right." *Marlette Auto Wash*, 501 Mich at 210. The trial court did not err by concluding that Wright failed to plead his adverse possession claim with sufficient specificity to establish the superiority of his claim to parcel B.

However, "[w]hen deciding a motion for summary disposition based on MCR 2.116(C)(8), the court must give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the amendment would be futile." *Lane v KinderCare Learning Ctrs, Inc*, 231 Mich App 689, 696; 588 NW2d 715 (1998), citing MCR 2.116(I)(5); *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997). "Leave [to amend] shall be freely given when justice so requires." MCR 2.118(A)(2). Leave to amend "should be denied only for the following particularized reasons: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment." *Lane*, 231 Mich App at 697. "An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim." *Id*.

Wright sought leave to amend his complaint under MCR 2.116(I)(5) at the hearing on Palmatier's motion, and in his motion for reconsideration. The trial court denied the request, concluding that amendment would be futile because Wright did not set forth sufficient facts to establish that his occupation of parcel B was continuous for more than the statutory 15-year period. Indeed, Wright's allegation that he installed planter boxes on parcel B in 2011 was insufficient to establish adverse possession because it was less than 15 years ago. But the court failed to address Wright's allegation that he installed a pool in 1997 "and his pool fence, landscaping rocks, and tiki torches are located on [parcel B]." The presence of Wright's pool fence, landscaping rocks, and tiki torches on parcel B for more than 25 years supports that his possession of parcel B was "so open, visible, and notorious as to raise the presumption of notice to the world that the right of the true owner is invaded intentionally, and with the purpose to assert a claim of title adversely to his, *so that if the true owner remains in ignorance it is his own fault*." *Marlette Auto Wash*, 501 Mich at 211. Palmatier's argument that he was not on notice of any claim concerning the property, despite the alleged presence of Wright's pool fence, landscaping rocks, and tiki torches on parcel B since 1997 is more appropriate for a motion under MCR 2.116(C)(10) challenging the sufficiency of the evidence in support of Wright's adverse possession claim after the completion of discovery.

Wright also sought to add allegations that he paid real estate taxes assessed against parcel B, which our Supreme Court has held has "some bearing not only to establish the claim of ownership, but . . . a tendency to show adverse possession . . . ." *Murray*, 65 Mich at 676. Wright further sought to add a number of factual allegations regarding his exclusive and continuous use and maintenance of parcel B. All of the additional allegations sought to be added to the complaint reflect that Wright's use and possession of parcel B was "actual, visible, open, notorious, exclusive, continuous and uninterrupted for the statutory period of 15 years, hostile and under cover of claim of right." *Marlette Auto Wash*, 501 Mich at 210.

The proposed amended complaint sets forth a viable claim for adverse possession and amendment would not be futile. Further, there has been no argument of undue delay, bad faith or dilatory motive by Wright, failure to cure deficiencies by prior amendments, or undue prejudice to Palmatier. See *Lane*, 231 Mich App at 697. Amendment would have been in the interest of justice under the circumstances. Accordingly, we conclude that the trial court abused its discretion by denying Wright an opportunity to amend his complaint to include factual allegations to support his adverse possession claim.

## B. ACQUIESCENCE

"Under Michigan law, parties may acquiesce to a new property boundary line." *Houston*, 335 Mich App at 567. "The three theories of acquiescence include: (1) acquiescence for the statutory period; (2) acquiescence following a dispute and agreement; and (3) acquiescence arising from intention to deed to a marked boundary." *Id*. (cleaned up).

Based on the allegations in the proposed second amended complaint, Wright is not claiming acquiescence under the second or third theories. Accordingly, the only potential claim for acquiescence would be under the first theory, which "is established when a preponderance of the evidence establishes that the parties treated a particular boundary line as the property line" for the 15-year statutory period. *Id*. at 567-568 (cleaned up). "Our Supreme Court has repeatedly held that a boundary line long acquiesced in and treated as the true line should not be disturbed on the basis of new surveys." *Id*. at 568. The question of acquiescence only becomes important "when there has been some agreement, whether tacit or overt, as to the location of the boundary." *Id*. (cleaned up). "The underlying reason for the rule of acquiescence is the promotion of peaceful resolution of boundary disputes." *Id*. (cleaned up).

Although "a claim of acquiescence does not require that possession of the land was hostile or without permission[,]" *Id*., Wright has not pleaded any facts regarding a boundary line. Wright has not alleged that the adjoining property owners treated a particular boundary line as the true property line or that the adjoining property owners were mistaken about where the line between their property is. Therefore, the trial court did not err by dismissing Wright's claim for acquiescence under MCR 2.116(C)(8). And because Wright's proposed second amended complaint does not include any additional allegations regarding a particular boundary line that the adjoining owners treated as the true boundary line, the trial court did not abuse its discretion by denying leave to amend the acquiescence claim.[4]

## C. TRESPASS

"Recovery for trespass to land in Michigan is available only upon proof of an unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the plaintiff has

---

[4] Wright waived any error regarding dismissal of his acquiescence claim and denial of leave to amend with regard to his acquiescence claim because these issues were not contained in his statement of questions presented. See *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019); see also MCR 7.212(C)(5) (stating that an appellant's brief must contain "[a] statement of questions involved, stating concisely and without repetition the questions involved in the appeal.").

a right of exclusive possession." *Adams v Cleveland–Cliffs Iron Co*, 237 Mich App 51, 67; 602 NW2d 215 (1999). Wright's proposed second amended complaint alleges that Palmatier and his agents installed cameras and mowed the lawn on parcel B, which constituted an unauthorized direct or immediate intrusion of a physical, tangible object onto land that Wright claims an ownership right to. Accordingly, Wright stated a claim for trespass, *id.*, and the trial court erred by dismissing his trespass claim under MCR 2.116(C)(8).

Affirmed in part, reversed in part, and remanded for further proceedings as stated in this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ James Robert Redford
/s/ Sima G. Patel

-10-